FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 MAY 28 PM 1:58

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CHRISTINE GORDON and PRESCIOUS  *
USRY,                            *
                                 *
        Plaintiffs,              *
                                 *
        v.                       *    CV 120-004
                                 *
AUTO-OWNERS INSURANCE COMPANY,   *
                                 *
        Defendant.               *

O R D E R

Before the Court is Defendant's unopposed motion to dismiss (Doc. 5.) For the following reasons, Defendant's motion is **GRANTED**.

I. BACKGROUND

Effective September 20, 2017, Defendant issued a homeowner's policy, policy number 51-406-002-00 ("Policy"), to Plaintiffs insuring the property located at 2222 Walden Drive, Augusta, Georgia 30904 ("Property").[1] (Compl., Doc. 1-1, ¶¶ 10, 11; Policy, Compl. Ex. A, Doc. 1-1, at 20.) The Property caught fire on or about December 8, 2017, causing damage to the Property. (Id. ¶ 12.) Plaintiffs filed claim number 300-347218-2017 ("Claim") under the Policy requesting $296,380.00 in coverage for the damage

---

[1] For the reasons contained herein, the Policy terms do not impact the Court's analysis. Accordingly, the Court omits facts specifically related to the terms of the Policy.

the fire caused. (Id. ¶¶ 14, 15.) Plaintiffs contend they are not responsible for starting the fire. (Id. ¶¶ 13, 16, 17.) Still, "Defendant denied . . . [P]laintiffs' [C]laim on or about September 7, 2018." (Id. ¶ 18.)

Over one year later, Plaintiffs filed the present action in the Superior Court of Richmond County, Georgia, asserting causes of action for declaratory judgment and insurer's bad faith refusal to pay. (See id. at 1, ¶¶ 22, 25.) Defendant removed the case to this Court and filed the present motion. (Notice of Removal, Doc. 1; Mot. to Dismiss, Doc. 5.) To date, Plaintiffs have filed no response to Defendant's motion to dismiss, and the motion is, therefore, deemed unopposed. LR 7.5, SDGa ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

## II. LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of" both the claim and the supporting grounds. Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,[2] to 'state a claim to relief that is plausible on its face.'" Id. (footnote added) (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule] 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual

---

[2] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

3

allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Even though the motion is unopposed, the Court still determines whether dismissal is proper. See Branch v. O'Brien, No. 4:14-cv-147, 2014 WL 7405780, at *1 (S.D. Ga. Dec. 29, 2014).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's entire complaint. As such, the Court considers Defendant's motion as to each of Plaintiff's asserted claims.

**A. Declaratory Judgment**

Before proceeding to the merits, the Court must determine under which declaratory judgment act the case is properly analyzed—the United States' or Georgia's.

1. Federal or State Declaratory Judgment Act

At the outset, Defendant contends that this case is properly analyzed under Georgia's Declaratory Judgment Act. (Br. Supp. Mot. to Dismiss, Doc. 5-1, at 4.) According to Defendant, "courts in the Eleventh Circuit have generally addressed declaratory judgment claims in removal actions pursuant to the law under which they were asserted." (Id. (quoting Pippen v. Indymac Bank/One W. Bank, No. 1:09-CV-3570-CAP, 2010 WL 11598156, at *2 n.1 (N.D. Ga. Mar. 4, 2010).)

4

Under the Erie Doctrine, the Eleventh Circuit disagrees with Defendant's argument that state law governs declaratory judgment claims removed to federal court. "In a diversity jurisdiction case like this one, a court will apply federal law if the matter at hand is procedural, and will apply the law of the forum state if the matter is substantive." Coccaro v. Geico Gen. Ins. Co., 648 F. App'x 876, 880 (11th Cir. 2016) (removed case) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). In Coccaro, the Eleventh Circuit found that the Florida Declaratory Judgment Act is "a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." Id. at 880-81. When confronted with Georgia's Declaratory Judgment Act, the Eleventh Circuit reached the same conclusion. See Manuel v. Convergys Corp., 430 F.3d 1132, 1138 n.3 (11th Cir. 2005) (removed diversity case) ("There is little doubt, and the parties do not argue otherwise, that the district court had to apply the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., rather than the state declaratory judgment act, in this action.") Because the majority of Defendant's argument focuses on interpretations of the Georgia Declaratory Judgment Act, and Plaintiffs offer no opposition, the Court is left with little guidance to determine whether Plaintiffs

5

state a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.[3]

2. <u>Failure to State a Claim Pursuant to 28 U.S.C. § 2201</u>

The gist of Defendant's argument is that the present action for declaratory judgment fails to allege a threat of any future injury.[4] Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "[T]he

---

[3] Practically, because the respective declaratory judgment acts are procedural rather than substantive, and the elements are not materially different, the fact that the Court analyzes Plaintiffs' request for declaratory judgment under the federal Declaratory Judgment Act is of little consequence. See <u>AquaDry Plus Corp. v. Rockhill Ins. Co.</u>, No. 19-62331-Civ-Scola, 2020 WL 927440, at *2 (S.D. Fla. Feb. 26, 2020).

[4] Ordinarily, when a plaintiff seeks a declaratory judgment and fails to show a controversy for the purpose of declaratory adjudication, the plaintiff lacks standing to assert the claim depriving the deciding court of jurisdiction. <u>Malowney v. Fed. Collection Deposit Grp.</u>, 193 F.3d 1342, 1347 (11th Cir. 1999). The rule is inapplicable, however, when a plaintiff seeks legal relief in addition to declaratory relief. <u>A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.</u>, 925 F.3d 1205, 1214 (11th Cir. 2019). In comparing <u>A&M Gerber Chiropractic</u> to <u>Mills v. Foremost Ins. Co.</u>, 511 F.3d 1300 (11th Cir. 2008), the <u>A&M Gerber Chiropractic</u> Court determined that the plaintiff's requested declaratory judgment did not seek future relief thereby eliminating subject matter jurisdiction. In comparison, <u>Mills</u> addressed a complaint seeking declaratory judgment and breach of contract asserting entitlement to damages, and therefore, jurisdiction existed. 511 F.3d at 1306-07. Additionally, in affirming dismissal of the plaintiff's complaint in <u>Malowney</u>, the Eleventh Circuit found significant the fact that the plaintiff only appealed the dismissal of the declaratory judgment claim and not the other claims seeking monetary damages. 193 F.3d at 1345, 1345 n.4, 1348. Thus, when the plaintiff failed to show any future injury, the Eleventh Circuit concluded that it lacked jurisdiction to issue a declaratory judgment. <u>Id.</u> at 1347-48. Because Plaintiffs assert a claim for bad faith failure to pay claiming entitlement to damages, the Court possesses jurisdiction to consider the claims. Having established jurisdiction, the Court evaluates whether Plaintiffs' complaint states a claim to relief.

Declaratory Judgment Act . . . specifically provides that a declaratory judgment may be issued only in the case of an actual controversy." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (internal quotation marks omitted). Declaratory judgment is not a remedy to redress past harm. See A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co., 925 F.3d 1205, 1210-11 (11th Cir. 2019); accord Am. Ins., Co. v. Evercare Co., 699 F. Supp. 2d 1355, 1359 (N.D. Ga. 2010) (citing Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985)) ("The Declaratory Judgment Act is inappropriate to adjudicate past conduct.").

Therefore, to state a claim to entitlement to declaratory relief, "[b]ased on the facts alleged, there must be a substantial continuing controversy between two adverse parties." Malowney, 193 F.3d at 1347; accord A&M Gerber Chiropractic, 925 F.3d at 1210. The allegations must establish, when accepted as true, that the injury will continue in the future. AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co., 938 F.3d 1170, 1179 (11th Cir. 2019) ("[L]ike an injunction, declaratory relief requires a likelihood of future harm."). "So[,] a plaintiff seeking declaratory . . . relief must allege and ultimately prove, a real and immediate — as opposed to merely hypothetical or conjectural — threat of *future* injury." Strickland v. Alexander, 772 F.3d 876, 883 (11th Cir. 2014) (emphasis in original) (citation and internal quotation marks omitted).

7

Here, the Court finds the complaint fails to allege facts that, accepted as true, raise a right to relief under the Declaratory Judgment Act. In their complaint, Plaintiffs allege, "Defendant's investigation has revealed facts which it contends raises questions regarding whether coverage exists in this matter for . . . [P]laintiffs." (Compl., ¶ 22.) Plaintiffs also acknowledge, "Defendant denied . . . [P]laintiffs' [C]laim on or about September 7, 2018." Therefore, Plaintiffs' complaint recognizes that Defendant already concluded there is no coverage for the fire under the Policy; no open question appropriate for declaratory judgment is found.

As discussed, the Eleventh Circuit has repeatedly stated that declaratory judgment is a forward-looking remedy. In AA Suncoast Chiropractic Clinic, the Eleventh Circuit confronted a request for declaratory judgment in the class action context. 938 F.3d at 1172. In determining that the class action properly constituted one for damages under Federal Rule of Civil Procedure 23(b)(3) rather than injunctive and declaratory relief under Rule 23(b)(2), the Eleventh Circuit focused on the fact that the class representatives sought to correct past harm. Id. at 1176 ("[T]he best-case scenario for any particular claimant []would be full payment of coverage benefits that have already been denied, for claims that were already processed, for injuries that were already

suffered.  The requested relief . . . looks backward to an injury already suffered.").

Although interpreting Georgia law, <u>Tiller v. State Farm Mut. Auto. Ins. Co.</u> is similarly instructive.  549 F. App'x 849 (11th Cir. 2013).  Citing <u>Malowney</u>, the <u>Tiller</u> Court found that all actions pertaining to the defendant's alleged failure to provide proper insurance compensation "took place in the past" and created "neither a continuing uncertainty . . . nor an imminent threat of future harm."  <u>Tiller</u>, 549 F. App'x at 855.

These cases are contrasted with other examples like <u>Am. Ins., Co.</u> 699 F. Supp. 2d 1355.  There, in allowing the declaratory judgment claim, the Northern District of Georgia noted that the "[p]laintiffs d[id] not . . . seek a declaration merely with respect to the validity of . . . [the] denial of coverage," which presumably would be insufficient to justify declaratory judgment on its own.  <u>Id.</u> at 1359.  Instead, the declaratory judgment also sought an adjudication of rights concerning the obligation to indemnify for ongoing litigation.  <u>Id.</u>  No allegations here contemplate a similar continuing dispute.

Of course, the threat of litigation may provide justification for a declaratory judgment action in the insurance context.  <u>Id.</u> at 1359 (citing <u>GTE Directories Publ'g Corp. v. Trimen Am., Inc.</u>, 67 F.3d 1563, 1569 (11th Cir. 1995)).  But Plaintiffs point to no threatened future litigation necessitating a declaration here.

Consequently, the threat of future injury exists only in the highly unlikely occasion that Plaintiffs suffer another house fire, allegedly entitling them to benefits, "under the same or a similar policy," insured by Defendant, and Defendant again denies their claim. See AA Suncoast Chiropractic Clinic, 938 F.3d at 1177 (citing A&M Gerber Chiropractic, 925 F.3d at 1215). It cannot be said the concern of this situation repeating is real and immediate enough to generate significant concerns of future injury.

For these reasons, any asserted continued threat of the denial of Plaintiff's Claim is insufficient. No real threat of future denial of coverage exists. According to Plaintiffs' complaint, the denial already occurred. "In this case, treating the allegations in the complaint as true and liberally construing the complaint in favor of . . . [Plaintiffs], [the Court] conclude[s] the . . . complaint does not contain any allegations which could reasonably support a finding that . . . [Plaintiffs] are likely to be subject to future injury . . . ." Malowney, 193 F.3d at 1347. As a result, the complaint fails to state a claim for relief as to its request that the Court issue a declaration.[5]

---

[5] It is unclear why Plaintiffs declined to pursue a claim for breach of the insurance contract. Litigation strategy, however, is a decision of counsel, not the Court.

**B. Bad Faith Refusal to Pay**

Next, Plaintiffs accuse Defendant of bad faith refusal to pay. Under Georgia law,

> In the event of a loss which is covered by a policy of insurance and the refusal to pay the same within [sixty] days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than [fifty] percent of the liability of the insurer for the loss or $5,000.00, whichever is greater . . . .

O.C.G.A. § 33-4-6(a). In order to succeed on a claim pursuant to O.C.G.A. § 33-4-6(a), the plaintiff must demonstrate that the insurance policy at issue covers the loss. See Cowart v. Nautilus Ins. Co., No. 4:17-cv-142, 2019 WL 254662, at *9 (S.D. Ga. Jan. 17, 2019) (quoting, among others, BayRock Mortg. Corp. v. Chi. Title Ins. Co., 648 S.E.2d 433, 435 (Ga. Ct. App. 2007)) ("requiring that the insured prove 'that the claim is covered under the policy' to prevail on a bad-faith claim under O.C.G.A. § 33-4-6"). When a plaintiff is unsuccessful in the underlying claim attempting to show entitlement to coverage, she is barred from succeeding on the bad faith claim. See Greater Hall Temple Church of God v. S. Mut. Church Ins. Co., No. 2:17-CV-111, 2020 WL 1809747, at *9 (S.D. Ga. Jan. 13, 2020) ("Because the [c]ourt granted summary judgment on [the plaintiff]'s only underlying claim in this case . . . the [c]ourt must also grant summary judgment on the issue of bad faith penalties and attorney's fees

11

under O.C.G.A. § 33-4-6."); see also Wilson v. Int'l Bus. Machs. Corp., 610 F. App'x 886, 890 (11th Cir. 2015) (quoting United Cos. Lending Corp. v. Peacock, 475 S.E.2d 601, 602 (Ga. 1996)) ("A prerequisite to any award of attorney fees under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim."). Because the bad faith claim may not continue on its own, it is due to be dismissed.

## C. Punitive Damages

In addition to the rule that a party is not entitled to punitive damages absent underlying compensatory damages, Taylor v. Villegas, No. 6:17-cv-135, 2019 WL 4741705, at *9 (S.D. Ga. Sept. 28, 2019) (citing O.C.G.A. § 51-12-5.1(b); J Kinson Cook of Ga., Inc. v. Heery/Mitchell, 644 S.E.2d 440, 449 (Ga. Ct. App. 2007)), O.C.G.A. § 33-4-6 provides a plaintiff's exclusive additional recovery for an insurer's bad faith. Hunnings v. Travelers Ins. Grp. Holdings, Inc., No. 4:19-cv-151, 2020 WL 1702228, at *6 (S.D. Ga. Apr. 8, 2020) (citing Howell v. S. Heritage Ins. Co., 448 S.E.2d 275, 276 (Ga. Ct. App. 1994)) (quoting Globe Life & Accident Ins. Co. v. Ogden, 357 S.E.2d 276, 278 (Ga. Ct. App. 1987)) ("We do not read Georgia caselaw as allowing any punitive damages other than those specifically prescribed in O.C.G.A. § 33-4-6.")). Accordingly, Plaintiff fails to state a claim for punitive damages.

## IV. CONCLUSION

For the foregoing reasons, Defendant's unopposed motion to dismiss (Doc. 5) is **GRANTED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendant and against Plaintiffs; **TERMINATE** all motions and deadlines, if any; and **CLOSE** this case.[6]

**ORDER ENTERED** at Augusta, Georgia, this 28th day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[6] The Court recognizes that upon finding that it lacks jurisdiction to entertain a plaintiff's declaratory judgment following removal, it must remand the case. See Coccaro, 648 F. App'x at 881. For the reasons set forth in note 4, *supra*, however, the Court is not dismissing Plaintiffs' declaratory judgment claim for lack of jurisdiction.